{¶ 27} Because the majority finds no error in the trial court's decision to employ shackles in the first instance, I concur in judgment only.
 {¶ 28} Only in rare circumstances will shackling be harmless error. A criminal defendant's right to be free from shackles in the presence of the jury is squarely grounded in the Fourteenth
and Fifth Amendments to the United States Constitution. Deck v.Missouri (2005), 544 U.S. 622.[1] "No one should be tried while shackled, absent unusual circumstances." State v.McKnight (2005), 107 Ohio St.3d 101, 131, citing Illinois v.Allen (1970), 397 U.S. 337, 344. Imposing the indicia of guilt upon a defendant is an "inherently prejudicial" practice that "should be permitted only where justified by an essential state interest specific to each trial." Ruimveld v. Birkett (2005),404 F.3d 1006, 1013, citing Holbrook v. Flynn (1986),475 U.S. 560, 568-569. "[T]he Supreme Court has consistently held that a defendant's right to be presumed innocent until proven guilty is central to our system of criminal justice, and that actions that impinge upon this presumption are to be taken only when absolutely necessary." Id. at 1015, citing, inter alia, Coffinv. United States (1895), 156 U.S. 432. Appellant's shackling, therefore, requires "close scrutiny." Id.
 {¶ 29} The prosecution has the burden to justify the use of shackles, and the interest asserted must be specific to the particular defendant on trial. Deck, 544 U.S. at 628; U.S. v.Baker (2005), 432 F.3d 1189, 1244. "Deck places the burden on the State to prove harmless error." Lakin v. Stine (2005),431 F.3d 959, 966. The need to prevent violence or escape must be particularized, articulated on the record, and specific to appellant's conduct at this particular trial. Id. at 965, citingDeck, 544 U.S. at 633. A trial court also has a duty to determine whether there is a "less prejudicial but adequate means of providing security." Id. at 964.
 {¶ 30} Here, the trial court utterly failed to justify its actions with reference to specific conduct at this trial. No evidence indicates that appellant was, at this particular trial, "disruptive, contumacious, [or] stubbornly defiant." Tyars v.Finner (1983), 709 F.2d 1274, 1284, quoting Illinois v. Allen
(1970), 397 U.S. 337, 343. Deck clearly prohibits a court from bolstering its determination on the basis of other, unrelated cases. U.S. v. Baker, 432 F.3d at 1244, citing Deck,544 U.S. at 623. Moreover, the trial court shirked its duty to consider whether a less prejudicial alternative, such as the employment of guards, would have sufficed. Lakin, 431 F.3d at 964 ("The use of guards for security purposes, when wisely employed, provides the best means for protecting a defendant's fair trial right and only in rare cases would greater security precautions be warranted."). Nor did the trial court weigh the correction officer's assertion that appellant had been well-behaved while incarcerated before trial.
 {¶ 31} Precedent clearly establishes that current incarceration, Ruimveld, charges of escape, Lakin, or even conviction of capital murder, Deck, cannot alone justify shackles, because the prejudice inflicted does not evaporate when the jury is so informed. In this matter, appellant's history of non-specific "running" and the repulsive nature of the charges against him do not erase the error made. This is the rare case where appellate reflection upon the overwhelming evidence of appellant's guilt renders the error harmless.
 {¶ 32} The information the sheriff's deputy provided the court in this case was woefully inadequate to justify the extreme measure of placing the defendant in front of the jury in shackles, to wit: He attempted to evade apprehension in his youth in Williams County (presumably as a teenager), and he had a temper. There was no indication of recent misconduct or attempts to flee custody, nor any report of threats to escape. In my view, the decision to shackle him constituted an abuse of discretion, based as it was on old and sketchy, unpersuasive reports.
 {¶ 33} Having said that, it is also clear that the evidence against appellant was overwhelming. So overwhelming that, on these facts, the grievous error of improper shackling was rendered harmless.
[1] While Deck was announced subsequent to appellant's conviction, Deck's effect was to extend existing precedent governing shackling to the penalty phase of a capital trial. Thus, Deck reiterates the rules applicable to the guilt phase of all criminal trials. See Marquard v. Secretary for Dept. ofCorrections (2005), 429 F.3d 1278, 1311.